**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Cesar ARELLANO–CANCHOLA, also known as Cesar Arellano–Castillo, also known as Cesar Castillo–Arellano, Defendant–Appellant.**

**No. 10–50666**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 23, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Cesar Arellano–Canchola (Arellano) appeals the sentence imposed following his guilty plea to illegal reentry. Arellano argues that his within-Guidelines sentence is substantively unreasonable because U.S.S.G. § 2L1.2 is not empirically based and because the Guideline failed to take into account the characteristics of the rob-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bery offense for which he garnered the 16–level enhancement, the circumstances surrounding his criminal history, or his plan to return to Mexico.

We reject Arellano's contention that the within-Guidelines sentence was substantively unreasonable. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos–Maldonado*, 531 F.3d 337, 339 (5th Cir.2008). The district court considered and rejected Arellano's arguments, and Arellano's mere disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See id.; cf. United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.2008).

Arellano correctly concedes that *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009), forecloses his argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 is not empirically based. He raises it solely to preserve its further review.

AFFIRMED.